IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CHARLES ALLEN HOUSE,** § | |
| Movant, § | |
| § | **CRIMINAL NO. 4:95-CR-148-P** |
| VS. § | **(CIVIL NO. 4:06-CV-0052-P)** |
| § | |
| **UNITED STATES OF AMERICA,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.

B. PARTIES

Movant Charles Allen House, Reg. No. 06081-112, is a federal prisoner incarcerated in FCI-Victorville in Adelanto, California.

The United States of America is Respondent. No service has issued upon Respondent.

C. PROCEDURAL HISTORY

Following a jury trial, in which House was found guilty of possession with intent to distribute methamphetamine, House was sentenced on May 17, 1996, to a term of 360 months' confinement. *See* CM/ECF, Criminal Docket for Case # 4:95-CR-148-5, docket entries for February

14, 1996 & May 17, 1996. House's conviction and sentence were affirmed on direct appeal. *Id.*, docket entry for May 9, 1997. House filed his first motion to vacate under § 2255 on March 6, 1998. *Id.*, docket entry for March 6, 1998. Thereafter, the underlying criminal case was the reassigned to District Judge Jorge A. Solis. *Id.*, docket entry for March 6, 1998. House's first § 2255 motion was denied on September 14, 1998. *Id.*, docket entry for September 14, 1998. House appealed the denial of his § 2255 motion to no avail. *Id.*, docket entries for October 22, 1998 & June 15, 1999. House filed a second § 2255 motion on April 28, 2004, which was dismissed without prejudice as successive without authorization. *Id.*, docket entries for April 28, 2004 & August 5, 2004. The instant § 2255 motion was assigned to Judge Solis and referred to the undersigned Magistrate Judge. *Id.*, docket entries for January 17, 2006. By way of the motion, House attacks his conviction and sentence on substantive grounds. (Motion at 7-8.)

D. DISCUSSION

As noted, House has filed two previous motions pursuant to § 2255. Before filing a successive motion, House is required to obtain authorization from the Fifth Circuit Court of Appeals to file the successive motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255. House neither asserts nor has he shown that he has obtained such authorization.

II. RECOMMENDATION

Therefore, it is recommended that House's successive § 2255 motion be DISMISSED without prejudice to his right to file a motion in the Fifth Circuit Court of Appeals for leave to file a successive motion.

**III. NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific

written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 15, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 15, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 25, 2006.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE